Argued January 5, affirmed March 27, 1968

LEAVENS, *Respondent, v.* NORTHWESTERN
MUTUAL INSURANCE COMPANY,
*Appellant,*
and
PIHL ET UX, *Defendants-Respondents.*
439 P. 2d 17

*Gerald R. Pullen,* Portland, argued the cause for appellant. With him on the brief were Hershiser, Mitchell & Smith, Portland.

*Jack L. Hoffman,* Portland, argued the cause for respondent, Winston C. Leavens. With him on the brief were Pendergrass, Spackman, Bullivant & Wright, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, DENECKE and HOLMAN, Justices.

## SLOAN, J.

Plaintiff, an agent of defendant Northwestern Mutual Insurance Company, seeks a declaratory judgment against the company for its failure to issue a fire insurance policy to defendants Pihl which would have included the contents of the Pihl house. The trial court entered a decree in favor of plaintiff and defendant Pihls against Northwestern. The latter appeals.

The obligatory facts are that in July 1964, defendant Melvin Pihl, a homeowner and a customer of plaintiff, went to plaintiff to have fire insurance coverage placed on the contents of Pihl's home. Plaintiff agreed to provide the coverage and to provide it with Northwestern with what is referred to as a homeowner's policy. By reason of sheer carelessness on the part of plaintiff and his employe, Northwestern was never advised of the coverage. It did issue a policy but because of plaintiff's carelessness no coverage for the

contents of the home was included in the policy. Later, a fire occurred and Pihl sustained substantial loss to the contents of his house.

After the fire, Pihl made demands on both plaintiff and Northwestern for payment of the loss. The latter denied liability on the ground that plaintiff's carelessness made plaintiff alone responsible for the loss. Plaintiff then filed this declaratory judgment proceeding in which he sought a declaration of his rights as against both Pihl and Northwestern. Plaintiff's complaint sought to relieve him of any personal liability to Pihl and against Northwestern he sought reformation of the policy as issued to include coverage for the contents. Pihl filed a cross-complaint seeking reformation of the policy as issued to him, and in the alternative, for a judgment against plaintiff.

Northwestern filed an answer in which it affirmatively alleged that plaintiff alone, by reason of his gross carelessness, was responsible for the unissued insurance and that he alone was liable to Pihl. Plaintiff's demurrer to this affirmative answer was sustained. Thereafter, Northwestern filed a general denial. The case proceeded to trial. After the trial, but before the trial court's decision was made, Northwestern filed a motion for a judgment on the pleadings. This was denied by the trial court. The court entered a decree which reformed the policy contract as issued to include coverage for the contents. The decree denied any liability on the part of plaintiff and also denied Pihl's claims against plaintiff. Northwestern alone appeals.

The recognized rule of law which is applicable to this situation is stated as follows at 4 Couch, Insurance (2d 1960) § 26:457, pp 454, 455:

"Under the general principles of agency law, the

insurer's agent is not personally liable to the insured if with authority to do so he effects a binding contract of insurance between his disclosed principal and the insured which contract of insurance conforms to the agreement between the agent and the insured.* Where an agent is duly authorized and names his principal and contracts in his name and does not exceed his authority, only the insurance company and not the agent may be held liable for the latter's negligence in failing to procure an adequate policy of insurance.* If the acts or conduct of the insurer's agent binds the insurer, the insured cannot hold the agent personally responsible therefor.* If the agency is disclosed and the agent authorized to contract, the agent is not liable on the contract in the absence of an express understanding on his part.*" (*Footnotes omitted).

See also, Restatement, Agency 2d, § 328.

■■ On this appeal, Northwestern does not challenge this rule nor its application to the facts of the case. It contends, first, that its motion for judgment on the pleadings should have been allowed. The motion was based on the theory that plaintiff in his complaint and defendant Pihls in their cross-complaint stated differing versions of the antecedent contract to which reformation was sought. Northwestern argues that this conflict between the two as to the terms of the antecedent contract, conclusively proves that the alleged contract was indefinite and uncertain. "The motion [for judgment on the pleadings] is only allowable when the pleadings, taken together, affirmatively show that plaintiff has no cause of action against defendant or when defendant affirmatively alleges a complete defense which is admitted or not denied by a reply." *Scott & Payne v. Potomac Ins. Co.,* 1959, 217 Or 323, 330, 341 P2d 1083, 1086. Each pleading, both that of plaintiff and Pihls, admittedly stated a cause of suit.

The relief was dependent on the proof, which, in fact, was adequate to establish an enforceable antecedent contract.

■ Secondly, Northwestern claims that the evidence was not convincing as to the antecedent contract. We agree with the trial court that the evidence did establish that plaintiff had agreed to provide Pihl with a homeowner's package policy. Although Pihl did not use the words "homeowner's policy" in his testimony, we think it was evident that this was the intent of both parties.

The decree is affirmed.